# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT O. HAYDEN,

        Petitioner,        :    Case No. 3:22-cv-376

  - vs -                       District Judge Michael J. Newman
                                  Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                                    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Robert Hayden pursuant to 28 U.S.C. § 2254. He seeks relief from his 1990 conviction in the Common Pleas Court of Montgomery County on one count of rape in violation of Ohio Revised Code § 2907.02(A)(2) with a prior felony specification and his sentence upon conviction to a ten-to-twenty-five year sentence of imprisonment.[1]

Hayden has sought habeas corpus relief from this conviction before in numerous prior cases. Noting that fact when reviewing the Petition under Rule 4 of the Rules Governing § 2254 Cases, the undersigned determined that the Petition was a second or successive habeas corpus petition requiring permission from the Sixth Circuit under 28 U.S.C. § 2244(b) to proceed and transferred the case to the Sixth Circuit for their screening (Transfer Order, ECF No. 4). The Sixth

---

[1] Hayden is serving a combined sentence of fifteen to forty years imprisonment because his 1990 sentence was ordered to be served consecutively to his sentence on parole revocation for a 1984 conviction.

Circuit accepted the transfer, determined that the Petition is second or successive, and denied Hayden permission to proceed.  *In re:  Robert O. Hayden,* Case No. 23-3001 (6th Cir. Apr, 14, 2023).

Because Hayden does not have permission to proceed, the Petition herein should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 17, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge